IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA



FILED
MAR 2 2 2018
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Division for Jamesville

Civil No. 4:18-cv-10BO

```
-------------------------------x
Kim E. Clements,               :
719 West 36Th Street,
Norfolk, Va. 23508,            :

PRO SE, PETITIONER,            :

v.                             :      REVISED COMPLAINT

Crystal Jackson,               :
13780 Vidalia Road, Lot 100,
Pass Christian, Ms 39571,      :

DEFENDANT.                     :
-------------------------------x
```

## ALLEGATION OF JURISDICTION

1.  Pursuant to 28 U.S.C. SEC. 1332, jurisdiction founded on original jurisdiction, where the matter in controversy exceeds the sum or value of $50,000.00, exclusive of interest and costs, and is between-----

    (a)(1)  Citizens of different states.

1.

## VENUE

2.         Pursuant to 28 U.S.C. SEC. 1391(a), A civil action wherein jurisdiction is founded only diversity of citizenship may be brought when (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced.

## PLAINTIFF

3.         Plaintiff, Kim E. Clements, 719 West 36Th Street, Norfolk, Va. 23508, is and was at all times relevant hereto, was one of the buyers (the real party in interest) of property in this matter, and in addition performed renovation for two days, prior toward discovery of gray substance (allegedly asbestos).

2.

## DEFENDANT

4.         Crystal Jackson, 13780 Vidalia Road, Lot 100, Pass Christian, Ms 39571, received the sum of $5,000.00 secured bank check upon the execution of North Carolina Residential Lease (with the option to purchase the property at 1415 Saint Andrews Street, Jamesville, NC.).

## STATEMENT OF FACTS

5.         Public health and safety is the central issue, and violation of both State / Federal Due Process (North Carolina Gen. 47e Disclosure Statement Act ).

6.         Whereas, Asbestos was common in the year of the aforementioned property construction (1910), and The United States has declared precedence concerning harm caused by asbestos upon million of people, and for such reason, this complaint comes before this court, in request for trial by jury.

3.

7. On November 7, 2017, Crystal Jackson retrieved the sum of $5,000.00 secured bank check upon the execution of North Carolina Residential Lease (with the option of Plaintiff, et al., to purchase such property). See Exhibit (A).

8. However, Crystal Jackson failed to comply with rule of North Carolina by presentation of Disclosure Statement (in which, would have gave the indication of asbestos within the house).

9. Upon the execution of lease with option to buy, Plaintiff had not occupied such premises of 1415 Saint Andrews Street property, but with the intention to move into upon repairs.

10. For purpose of renovation, on several occasions, and upon blind faith, friends and members of Plaintiff's family entered such property for renovation and on the second visit, small gray material was discovered-Allegedly asbestos, no testing as of this date,. See Exhibit (D).

11. In addition, Crystal Jackson did not provide witness signature (no witness), during the lease transaction, as if she was conscious of her wrongs. See Exhibit (B).

4.

## STATEMENT OF CLAIM

12.         Defendant Crystal Jackson, violated the North Carolina General Rule 47e, which is known best as the Residential Property Act, and should have been acquiesced to by defendant, upon the Plaintiff during the (option to buy) transaction.

13.         Whereas, defendant held obligation to provide Plaintiff with copy of Disclosure Statement for inquiry. See N.C. Rule 47e.

14.         Furthermore, public record will demonstrate that "an LLC of New York had previously brought the property for $14,000.00," and later sold such distressed property to defendant for $12,000.00, containing hazardous material.

15.         The proper recourse for defendant, would have been by presentation of disclosure statement to the Plaintiff for inspection.

5.

16.        Instead, defendant fraudulently transacted a North Carolina Residential Lease, without witness signature, and without due process, upon Plaintiff.

### RELIEF

17.        Your Plaintiff demand the entire property, with clear deed, removal of asbestos by the defendant, all costs of court filing fees, preparation fees, attorney fees, and the removal of any other hazardous materials "if any"; In addition, Plaintiff demand $75,ooo,oo for mental anguish, for compensatory damages your plaintiff prays for $200,000.00, with an order by this court for an escrow account to place the monthly payments of $600.00 due to the defednant, until or following conclusion by jury trial or settlement, and court order for representation for plaintiff.

I, Pro se Plaintiff, Kim E. Clements, declare under penalty of perjury, that the foregoing is true and correct.

RESPECTFULLY SUBMITTED,
/s/ Kim Clements
By Pro se,
Plaintiff,
Kim E. Clements,
719 Weat 36Th Street,
Norfolk, Va. 23508

Dated: __/__/ 2018.

6.

CERTIFICATE OF SERVICE

I, Pro se, Plaintiff, Kim E. Clements, certify that Two copies was mailed to the defendant with Notice of Lawsuit and request for waiver of service of summons to: Crystal Jackson, 13780 Vidalia Road, Lot 100, Pass Christian, Ms 39571, by Certified Return Receipt Mail.

Receipt Number:  9590940229377094872725

Tracking Number:  70171450000013288638

on this 19th day of March, 2018.

s/ Kim Clements
By Pro se,
Plaintiff,
Kim E. Clements,
719 w 36th st
Norfolk, Va 23508

Dated: 03/19/2018