IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-10-BO

| | |
|---|---|
| KIM E. CLEMENTS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER ) |
| CRYSTAL JACKSON, | ) ) |
| Defendant. | ) ) ) |

This matter comes before the Court on defendant's *pro se* motion to dismiss [DE 25] and various other motions. These motions are ripe for disposition. For the reasons discussed below, defendant's motion to dismiss [DE 25] is GRANTED and all other pending motions [DE 14, 17, 23, 28, 29, 31] are DENIED AS MOOT.

## BACKGROUND

In November 2017, plaintiff contracted with defendant to lease a house in Jamesville, North Carolina, with the option to purchase the house later. [DE 10, p. 3–4]. After two days spent renovating the property, plaintiff discovered what is believed to be asbestos in the house. *Id*. At no point during the negotiations did defendant inform plaintiff of the possible presence of asbestos.

Plaintiff filed the instant suit in January 2018. [DE 1]. She amended her complaint in March. [DE 10]. In August, defendant moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [DE 25].

DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

*Pro se* plaintiffs are entitled to have their pleadings construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks omitted)). But *pro se* plaintiffs must still comply with the Federal Rules of Civil Procedure.

In her amended complaint, plaintiff alleged that defendant "violated the North Carolina General Rule 47e" and was "obligat[ed] to provide [p]laintiff with copy of Disclosure Statement." [DE 10, p. 5]. In her motion to dismiss, defendant argues that North Carolina law imposes no obligation on her to furnish a disclosure statement on the buyer. In particular, plaintiff states in her amended complaint that the agreement between the parties was a lease-to-own contract, through which plaintiff had the option of purchasing the property outright. North Carolina law provides, in relevant part, that the "following transfers are exempt from the

2

provisions of G.S. 47E-4 . . . [l]ease[s] with option to purchase contracts where the lessee occupies or intends to occupy the dwelling." N.C. Gen. Stat. § 47E-2(b). Plaintiff has further stated that she had "the intention to move into [the house] upon repairs." [DE 10, p. 4]. As such, it is clear that the contract at issue fits into the exception, and the disclosure requirements in N.C. Gen. Stat. § 47E-4 did not apply. Defendant was under no legal obligation to furnish plaintiff with the disclosure she complains was lacking. Thus, plaintiff has not alleged sufficient facts to state a claim upon which relief can be granted, and her amended complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 25] is GRANTED and all other pending motions [DE 14, 17, 23, 28, 29, 31] are DENIED AS MOOT. The Clerk is DIRECTED to close the case.

SO ORDERED, this 25 day of October, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE